**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-00151-NYW-NRN

ERIC BURNAM,
ERIN CIENFUEGOS, and
MICHELLE ERICKSON,

      Plaintiffs,

v.

THE WELD COUNTY SHERIFFS,
THE DEPARTMENT OF HUMAN SERVICES OF WELD COUNTY,
THE COUNTY ATTORNEY'S OFFICE OF WELD COUNTY,
ASHLEY HUGHES,
ANGELA TIMOTHY-FLEECE,[1]
DONOVAN PECORELLA,
TRAVIS DENNING,
PETE JONES,
JARED PATTERSON,
DANIEL CHAPMAN,
DANIEL TRUJILLO, and
LARRY NUEGEBAUER,

      Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

      This matter is before the Court on the Report and Recommendation of United States Magistrate Judge N. Reid Neureiter issued on November 17, 2023.  [Doc. 46].  Judge Neureiter recommends that the Motion to Dismiss Plaintiffs' Complaint (the "Motion to Dismiss"), [Doc. 12], be granted and that Plaintiffs' Complaint, [Doc. 1], be dismissed,

---

[1] The Court notes that Defendants spell this Defendant's surname as "Timothy-Fleece," *see* [Doc. 12 at 1], while the Complaint spells it as "Timothy-Felice."  Although no Party has moved to amend the case caption, the Court uses the spelling reflected by this Defendant's counsel, and **DIRECTS** the Clerk of Court to amend the caption and the docket to reflect this spelling.

*see* [Doc. 46 at 28].  Judge Neureiter also recommends that the Motion to Quash Alleged Service of Process of, or in Alternative to Dismiss, Plaintiffs' Complaint from Defendant Pete Jones (the "Motion to Quash"), [Doc. 37], be granted, *see* [Doc. 46 at 28].  Plaintiffs filed objections to the Recommendation on December 26, 2023, [Doc. 53],[2] and Defendants responded, [Doc. 54].[3]  For the reasons set forth in this Order, Plaintiffs' objections are **OVERRULED** and the Recommendation is **ADOPTED**.

## LEGAL STANDARDS

I.     **Rule 72(b)**

A district court may refer a dispositive motion to a magistrate judge for recommendation.  28 U.S.C. § 636(b)(1)(B).  The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "[A] party's objections to the magistrate judge's report and

---

[2] Plaintiff Burnam signed and submitted the objections "on behalf of all the Plaintiffs."  *See* [Doc. 53 at 36].  It is well settled that "one *pro se* plaintiff may not sign or submit materials on behalf of another."  *Stine v. Lappin*, No. 08-cv-00164-WYD-KLM, 2008 WL 3992712, at *2 (D. Colo. Aug. 22, 2008); *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").  However, based on a review of the docket, it is not clear whether Plaintiffs have received this admonishment before.  Accordingly, the Court will construe Plaintiffs' objections as having been filed by all Plaintiffs.  However, **Plaintiffs are expressly advised that all future filings submitted to the Court must contain *each* Plaintiff's signature, and all filings will be deemed as being filed only by the Plaintiff(s) who sign the submission.**

[3] Mr. Burnam purported to file "Plaintiff's Response and Objection to the Defendant's Response to the Plaintiff's Comlaint [sic] Based upon the Magistrates [sic] Recommendation" on January 26, 2024.  *See* [Doc. 55].  However, Rule 72 does not contemplate a reply in support of objections, *see* Fed. R. Civ. P. 72, and this Court does not permit the filing of a reply in this context "absent leave of Court and good cause shown," *see* NYW Civ. Practice Standard 72.3(c).  Because Mr. Burnam did not obtain leave of Court prior to filing the reply brief, "Plaintiff's Response and Objection to the Defendant's Response to the Plaintiff's Comlaint [sic] Based upon the Magistrates [sic] Recommendation" [Doc. 55] is **STRICKEN** as improperly filed.

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.* at 1059 (quotation omitted).

## II.     Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).  The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247, 1249 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint" and that the allegations must be sufficient to nudge a plaintiff's claims "across the line from conceivable to plausible" (quotation omitted)).

## III.    Service of Process

Rule 4 of the Federal Rules of Civil Procedure sets out the various permissible methods of serving parties to a case.  An individual may be served via delivery of the complaint and summons to (1) the individual to be served; (2) the residence of that

individual, if the documents are left with a person over the age of 18 who resides there; or (3) the individual's agent.  Fed. R. Civ. P. 4(e)(2).  In the alternative, an individual may be served through means permitted by Colorado law.  Fed. R. Civ. P. 4(e)(1).  In addition to the methods permitted by federal law, Colorado law also permits personal service on an individual by delivering a copy of the complaint and summons to the individual's usual workplace.  Colo. R. Civ. P. 4(e)(1).

Rule 12(b)(5) permits a party to move for dismissal of a case due to insufficient service of process.  Fed. R. Civ. P. 12(b)(5).  "A Rule 12(b)(5) motion challenges the mode or lack of delivery of a summons and complaint."  *Gallan v. Bloom Bus. Jets, LLC*, 480 F. Supp. 3d 1173, 1178 (D. Colo. 2020) (cleaned up).  When a defendant challenges the sufficiency of service, the plaintiff "bears the burden of making a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant."  *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *1 (D. Colo. Mar. 23, 2018) (quotation omitted).  The Court may consider affidavits and other documentary evidence in ruling on a Rule 12(b)(5) motion, and all factual disputes must be resolved in the plaintiff's favor.  *Kelley v. City of Atchison*, No. 2:21-cv-02123-JAR-TJJ, 2021 WL 5140320, at *1 (D. Kan. Nov. 4, 2021).

## IV.    Pro Se Filings

Because Plaintiffs proceed pro se, the Court affords their filings a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  But the Court cannot and does not act as their advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiffs as to

represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## BACKGROUND

At the time the events underlying this lawsuit took place, Plaintiffs Eric Burnam ("Plaintiff Burnam" or "Mr. Burnam"), Erin Cienfuegos ("Plaintiff Cienfuegos" or "Ms. Cienfuegos"), and Michelle Erickson ("Plaintiff Erickson" or "Ms. Erickson," and collectively with Mr. Burnam and Ms. Cienfuegos, "Plaintiffs") lived together in a home in Weld County, Colorado.  [Doc. 1 at ¶ 1].  The events underlying this lawsuit took place over various dates in late 2020 and early 2021:

*December 9, 2020.*  On this date, Defendant Angela Timothy-Fleece ("Defendant Timothy-Fleece"), a child protection permanency caseworker for the Weld County Department of Human Services, arrived at Plaintiffs' residence with multiple police officers.  [*Id.* at ¶¶ 4, 9].  She explained to Mr. Burnam that they had received an "ano[]nymous tip" that there were "guns, methamphetamine[,] and a sex ring going on inside the home" and that they needed to see Mr. Burnam's and Ms. Cienfuegos's children.  [*Id.* at ¶¶ 10–11].  Plaintiffs allege that the anonymous tip was a false allegation made by the biological mother of one of Mr. Burnam's children.  [*Id.* at ¶¶ 22–23, 31].

Mr. Burnam began to drive to Lakewood, Colorado to gather his children.  [*Id.* at ¶¶ 17–18].  He turned around when Ms. Cienfuegos told him over the phone that there were several cars parked outside Plaintiffs' residence.  [*Id.* at ¶ 18].  When Mr. Burnam arrived back at the home, he was surrounded by Defendant Donovan Pecorella ("Defendant Pecorella") and Defendant Pete Jones ("Defendant Jones"), two sheriff's deputies in the Weld County Sheriff's Office, as well as several other deputies.  [*Id.* at

¶¶ 2, 19].  Defendant Pecorella informed Mr. Burnam that he had a warrant for his arrest and attempted to taser him, but the taser malfunctioned and Mr. Burnam acquiesced to his arrest.  [*Id.* at ¶ 19].  Ms. Cienfuegos was also arrested on a misdemeanor warrant and the children were taken into the custody of Child Protective Services.  [*Id.* at ¶ 21]. While Mr. Burnam was detained at the Weld County Jail, Defendants Pecorella and Jones searched Plaintiffs' home with Weld County Sheriff's Office employees Daniel Chapman ("Defendant Chapman"), Jared Patterson ("Defendant Patterson"), and Daniel Trujillo ("Defendant Trujillo"); the officers confiscated approximately $2 million worth of property. [*Id.* at ¶ 2; *id.* at 13 ¶ 24].

December 15, 2020.  Another search of Plaintiffs' residence was conducted by Defendants Pecorella, Patterson, Chapman, and Trujillo on December 15, 2020, when Plaintiffs were not present.  [*Id.* at 13 ¶ 26].  Plaintiffs allege that, on this date, officers seized Mr. Burnam's vehicle, $2.3 million in gold and silver, and $5.3 million in cash.  [*Id.*].

December 29, 2020.  Mr. Burnam was released on bond and on December 29, 2020, he was fitted with a GPS ankle monitor.  [*Id.* at 14 ¶¶ 24–25].  On the way home from receiving his ankle monitor, Mr. Burnam was pulled over by Defendants Pecorella, Chapman, Trujillo, and Patterson.  [*Id.* at 14 ¶ 25].  Plaintiffs allege that Defendant Larry Nuegebauer ("Defendant Nuegebauer"), an officer with the Weld County Sheriff's Office, told Defendant Pecorella to "find something" in Mr. Burnam's vehicle that would permit them to take Mr. Burnam back to jail.  [*Id.* at ¶ 2; *id.* at 14 ¶ 25].  Mr. Burnam was again detained after Defendants located a "tool that was inventoried on December 9, 2020 in the same vehicle."  [*Id.* at 14 ¶ 25].

**December 30, 2020.**  On this date, Mr. Burnam was charged with "a total of 31 [criminal] charges in the form of 9 different cases."  [*Id.* at ¶ 26].  Plaintiffs do not specify the nature of the charges.  Plaintiffs allege that the charges were dismissed on September 29, 2022.  [*Id.* at ¶ 34].  Plaintiffs also allege that "[t]he Courts failed to address bond" on one of Mr. Burnam's cases, which left Mr. Burnam "with no bond on a F-4 felony theft for 42 days."  [*Id.* at ¶ 26].

**January 15, 2021.**  Plaintiffs allege that on January 15, 2021, the "Weld County Sheriffs Strike Force Team" waited for Ms. Erickson to leave for work, cut the locks on Plaintiffs' property, and searched the property to "look[] for an unidentified child corpse." [*Id.* at ¶ 27].

**January 29, 2021.**  On January 25, 2021, the "Weld County Sheriffs Strike Force Team" secured a warrant "to exhume an unidentified child corpse" on Plaintiffs' property. [*Id.* at ¶ 28].  On January 29, Defendants waited until Ms. Erickson and Ms. Cienfuegos left the property, "came onto the property," and "dug up a miscarriage of the Plaintiff Erin Cienfuegos and Eric Burnam."  [*Id.*].

Plaintiffs allege generally that their First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated by Defendants.  *See* [*id.* at ¶ 6].  However, Plaintiffs do not clearly set forth any claims for relief, and as such, do not specify which claims are asserted by which Plaintiffs or against which Defendants.  *See generally* [*id.*].[4] Judge Neureiter liberally construed Plaintiffs' Complaint as potentially asserting the following claims under 42 U.S.C. § 1983:  a First Amendment free exercise claim; an

---

[4] The Court refers to each claim as being asserted by all Plaintiffs, following the practice of Plaintiffs and Judge Neureiter, notwithstanding any potential issues of standing.

Eighth Amendment excessive bail claim; an Eighth Amendment cruel and unusual punishment claim; a Fourth Amendment unreasonable search claim; a Fourth Amendment malicious prosecution claim; a Fourteenth Amendment civil conspiracy claim; a Fourteenth Amendment procedural due process claim; a Fourteenth Amendment substantive due process claim; and a Fourteenth Amendment equal protection claim. [Doc. 46 at 12–23].

On April 10, 2023, Defendants Hughes, Timothy-Fleece, Pecorella, Denning, Patterson, Chapman, Nuegebauer, the Weld County Sheriff's Office, the Department of Human Services of Weld County, and the County Attorney's Office of Weld County filed their Motion to Dismiss. *See* [Doc. 12].[5]  And on May 31, 2023, Defendant Jones filed the Motion to Quash. *See* [Doc. 37].  Both Motions were referred to Judge Neureiter, *see* [Doc. 18; Doc. 39], who issued a Recommendation on the Motions on November 17, 2023, *see* [Doc. 46].

Judge Neureiter recommends that the Motion to Dismiss and the Motion to Quash be granted and that Plaintiffs' Complaint be dismissed.  [*Id.* at 28].  Broadly, Judge Neureiter recommends that all of Plaintiffs' claims based on events occurring before January 18, 2021 be dismissed as untimely under the applicable statute of limitations. [*Id.* at 10–11].  He goes on to address the merits of Plaintiffs' claims, recommending that Plaintiffs' First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment claims be dismissed for failure to state a claim under Rule 12(b)(6), notwithstanding any timeliness

---

[5] Originally, Defendants Pecorella and Trujillo were not signatories to the Motion to Dismiss because they had not been properly served with the Complaint. *See* [Doc. 12 at 1–2 n.1].  On May 24, 2023, Defendants Pecorella and Trujillo filed a Notice of Joinder in Motion to Dismiss Plaintiffs' Complaint.  *See* [Doc. 32].  Defendant Jones does not join in the Motion to Dismiss.

issues.  [*Id.* at 12–21].  Judge Neureiter then concluded that, because Plaintiffs cannot state a claim for any constitutional violation, the individual Defendants are entitled to qualified immunity.  [*Id.* at 21–22].  Judge Neureiter also recommends that Plaintiffs' claims against the individual Defendants in their official capacities be dismissed as duplicative, [*id.* at 22], and that their municipal liability claims against the entity Defendants be dismissed for failure to state a claim, [*id.* at 22–24].  Finally, Judge Neureiter recommends that the Motion to Quash be granted and that Plaintiffs' claims against Defendant Jones be dismissed for insufficient service of process.  [*Id.* at 24–28].

**ANALYSIS**

**I.    Motion to Dismiss**

**A.    Unchallenged Portions of the Recommendation**

The Court first addresses the portions of Judge Neureiter's Recommendation to which Plaintiffs do not specifically object.

Judge Neureiter concluded that Plaintiffs' Fourteenth Amendment substantive due process claim[6] should be dismissed because (1) Defendant Hughes is entitled to absolute immunity, [*id.* at 18–19]; (2) Plaintiffs fail to allege personal participation on the part of Defendant Denning as to this claim, [*id.* at 19–20]; and (3) as for Defendant Timothy-Fleece, Plaintiffs fail to allege that she engaged in conscience-shocking conduct, as required to state a substantive due process claim, [*id.* at 20].  Plaintiffs do not specifically object to these findings.[7]

---

[6] Plaintiffs clarified in their Response to the Motion to Dismiss that this claim was asserted against Defendants Timothy-Fleece, Denning, and Hughes.  *See* [Doc. 23 at 9–10].

[7] To the extent Plaintiffs reiterate that their Fourteenth Amendment rights were violated or reiterate that they have a Fourteenth Amendment right to familial association, *see, e.g.*, [Doc. 53 at 14, 21], these generalized assertions that fail to point out any specific error in

In addition, Plaintiffs do not object to Judge Neureiter's recommendation that Plaintiffs' equal protection claim be dismissed for failure to allege that Plaintiffs were discriminated against, [*id.* at 21]; that Plaintiffs' claims against the individual Defendants in their official capacities be dismissed as duplicative of Plaintiffs' claims against the municipal entities, [*id.* at 22]; or that Plaintiffs' claims against the municipal Defendants should be dismissed for failure to adequately allege the existence of a municipal policy or custom, as required for municipal liability claims under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), [Doc. 46 at 22–24].

The Recommendation states that objections must be filed within fourteen days after service on the Parties.  *See* [Doc. 46 at 28–29]; *see also* 28 U.S.C. § 636(b)(1)(C).  The Recommendation was served on the Parties on November 17, 2023, *see* [Doc. 46 at 29], and no Party has objected to the above-listed portions of the Recommendation.  In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

---

Judge Neureiter's analysis are insufficient to present an objection necessitating de novo review.  *See Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) ("Mr. Jones's objection disputes only the correctness of the recommendation and does not point to specific errors made by Judge Dominguez Braswell.  Mr. Jones's objection is therefore insufficient."); *see also Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) ("[A] generalized objection [to a magistrate judge's recommendation] is insufficient.").

The Court has reviewed the above portions of the Recommendation to satisfy itself that there is "no clear error on the face of the record."[8]  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.  Based on this review, the Court has concluded that this portion of the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.  Accordingly, these portions of the Recommendation are **ADOPTED**.  Plaintiffs' Fourteenth Amendment substantive due process claim and Fourteenth Amendment equal protection claim are **DISMISSED without prejudice** under Rule 12(b)(6), and Plaintiffs' claims against the official capacity Defendants and the municipal Defendants are also **DISMISSED without prejudice** under Rule 12(b)(6).[9]

## B.    Plaintiffs' Objections

The Court has carefully reviewed Plaintiffs' objections and finds that the objections are largely conclusory, vague, and/or fail to identify specific portions of Judge Neureiter's Recommendation that Plaintiffs believe are erroneous.  *See generally* [Doc. 53 at 1–36]. "A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review."  *Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1230 (D. Colo. 2007); *see also Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024).  Nevertheless, the Court

---

[8] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

[9] In their Motion to Dismiss, Defendants request that Plaintiffs' claims be dismissed with prejudice. *See, e.g.*, [Doc. 12 at 17].  The Tenth Circuit has instructed that the dismissal of a pro se plaintiff's claim under Rule 12(b)(6) should typically be without prejudice, unless granting leave to amend would be futile.  *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).  Defendants do not raise any argument explaining why dismissal with prejudice is appropriate, and the Court declines to undertake a futility analysis sua sponte.

discerns the nature of Plaintiffs' objections to the best of its ability and addresses those objections below.

### 1.    The Statute of Limitations

Judge Neureiter concluded in his Recommendation that "most" of Plaintiffs' constitutional claims are barred by the applicable statute of limitations.  *See* [Doc. 46 at 10].  He first determined that a two-year statute of limitations applies to Plaintiffs' claims. [*Id.*].  And because Plaintiffs filed this lawsuit on January 18, 2023, *see* [Doc. 1], Judge Neureiter concluded that any of their claims that accrued prior to January 18, 2021 are time-barred, [Doc. 46 at 11].  In other words, Judge Neureiter found that Plaintiffs cannot maintain claims based on (1) the December 9, 2020 search and arrest; (2) the December 15, 2020 search and seizure of their property; (3) the December 29, 2020 traffic stop and subsequent detention; (4) the filing of charges on December 30, 2020; or (5) the January 15, 2021 search of Plaintiffs' property.  [*Id.*].

Plaintiffs object to Judge Neureiter's Recommendation insofar as it recommends that the majority of Plaintiffs' claims be dismissed as untimely.  *See, e.g.*, [Doc. 53 at 7–9, 22, 30].  Plaintiffs do not dispute or object to Judge Neureiter's conclusion that a two-year statute of limitations applies to Plaintiffs' claims.  *See generally* [*id.*].  Instead, they assert that

> The statute of limitations begins when the plaintiffs acquire knowledge of the criminal acts and fraudulent activities perpetrated upon the courts, which resulted in the plaintiffs being deceived out of their child[.]  To ascertain the truth, the plaintiffs diligently undertook a comprehensive review of procedural policies, federal laws, and conducted extensive research and investigation.  Consequently, it became evident that Defendant Angela Timothy-Felice [sic] flagrantly and maliciously violated numerous federal and state laws, specifically infringing upon the plaintiffs['] civil and constitutional rights.

[*Id.* at 7].  They also state that they "later discovered the first two raids," which the Court believes refers to the December 9 and 15, 2020 searches, "were done with illegal warrants."  [*Id.* at 8]; *see also* [*id.* at 22].  Plaintiffs assert that they "invoke[] the application of the 'discovery rule' in relation to the statute of limitations," and argue that the statute of limitations began to run when they had actual knowledge or reason to know of the constitutional injury.  [*Id.* at 9].  Plaintiffs do not raise any specific arguments directed at their claims based on the events occurring on December 29, 2020; December 30, 2020; or January 15, 2021.  *See generally* [*id.*].

Federal law governs when a cause of action accrues.  *Chrisco v. Holubek*, 711 F. App'x 885, 888 (10th Cir. 2017).  A claim under § 1983 accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the cause of action.  *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).  "[C]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."  *Eikenberry v. Seward Cnty.*, 734 F. App'x 572, 576 (10th Cir. 2018) (quoting *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999)).[10]

While Plaintiffs insist that Judge Neureiter's timeliness analysis is "incorrect," *see* [Doc. 53 at 30], and they suggest that they did not learn of some of their alleged constitutional injuries until a "later" date, they critically do not specify the date that they believe their constitutional claims accrued, *see generally* [*id.*].  Nor did they identify any

---

[10]  The Court notes, however, that malicious prosecution claims accrue "only once the underlying criminal proceedings have resolved in the plaintiff's favor."  *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019).  Plaintiffs' malicious prosecution claim is discussed below.

specific discovery date in their Complaint, *see generally* [Doc. 1], or in their Response to the Motion to Dismiss, *see* [Doc. 23 at 5 (Plaintiffs arguing that they can "show [through] documentation that the Date of Discovery is within the statute of limitations" but not specifying when the alleged discovery was)].  Plaintiffs' conclusory argument that they discovered the alleged constitutional violations—at least with respect to the events of December 9 and 15, 2020—at an unspecified later date is insufficient to overcome the presumption that their claims accrued when the challenged actions occurred.  *See Eikenberry*, 734 F. App'x at 576.

Accordingly, Plaintiffs have not identified any error in Judge Neureiter's timeliness analysis and their objections are **OVERRULED**.  Plaintiffs' claims, to the extent they are based on the events of December 9, 15, 29, or 30, 2020, or January 15, 2021, except to the extent Plaintiffs assert a malicious prosecution claim, are **DISMISSED without prejudice**.[11]

### 2.    Plaintiffs' First, Fifth, Sixth, and Eighth Amendment Claims

While the majority of Plaintiffs' claims are time-barred, for purposes of completeness, the Court addresses the remainder of Plaintiffs' objections, even with respect to those claims that are untimely.  The Court turns first to Judge Neureiter's recommendation that Plaintiffs' claims arising under the First, Fifth, Sixth, and Eighth Amendments be dismissed.

---

[11] *See supra* note 9.  The Court is mindful that "a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).  Given the procedural posture of this case, Plaintiffs' belated and unsuccessful attempts to argue that the statute of limitations did not begin to run until a later date, and Plaintiffs' pro se status, the Court will dismiss Plaintiffs' untimely claims without prejudice at this juncture.

*First Amendment Claim.*  Noting that Plaintiffs argued in their Response that their free exercise rights were violated when Defendants exhumed the miscarriage, Judge Neureiter construed Plaintiffs' Complaint as asserting a First Amendment free exercise claim.  [Doc. 46 at 12 (citing Doc. 23 at 12)].  However, Judge Neureiter reasoned that "[e]ven giving it the most liberal construction possible, a Free Exercise claim cannot be gleaned from the Complaint" because Plaintiffs did not identify their religious beliefs or allege that Defendants were aware of Plaintiffs' religion or were motivated by any religious animus.  [*Id.*].  Judge Neureiter recommends that this claim be dismissed.  *See* [*Id.*].

Plaintiffs take issue with Judge Neureiter's ultimate conclusion and argue that their First Amendment rights were indeed violated, *see* [Doc. 53 at 9–11], but they fail to actually identify any error in Judge Neureiter's analysis or direct the Court to allegations that support a free exercise claim.  Their objections are thus insufficient to trigger de novo review, *Strepka*, 494 F. Supp. 2d at 1230, and the Court observes no clear error in Judge Neureiter's analysis.  Furthermore, to the extent that Plaintiffs suggest in their objections that their rights to free speech, free assembly, or to petition the government were violated, *see* [Doc. 53 at 10], the Complaint invokes none of these theories, *see generally* [Doc. 1], and Plaintiffs similarly made no attempt to assert these theories in their Response to the Motion to Dismiss, *see* [Doc. 23 at 12 (Plaintiffs arguing only that they have a First Amendment right "to religious freedom and to be free of religious persecution")].  Plaintiffs may not introduce new theories of relief in their objections.  *See Russo v. Hickenlooper*, No. 15-cv-01740-WJM-NYW, 2016 WL 67568, at *4 (D. Colo. Jan. 6, 2016) ("[A] party cannot amend his pleadings through the contents of an objection.").  Plaintiffs' objections with respect to their First Amendment claim are **OVERRULED**.

*Fifth and Sixth Amendment Claims.* Judge Neureiter recommends that any claims asserted under the Fifth and Sixth Amendments be dismissed because Plaintiffs "do not even mention the Fifth or Sixth Amendment in their response," [Doc. 46 at 13], i.e., Plaintiffs failed to clarify their claims or respond to Defendants' argument that "[t]o the extent Plaintiffs invoke the . . . Fifth [or] Sixth . . . Amendments in their Complaint, they must give a more definite statement of their factual and legal theories under those Amendments," [Doc. 12 at 10 n.3]. In their objections, Plaintiffs argue only that they "have presented overwhelmingly a 'preponderance' of evidence in this civil rights complaint showing that the Defendant[s] violated the Plaintiffs['] constitutional rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and it would be a 'grave injustice[]' for these civil rights violations by the Defendant[s] to go unsettled without impunity [sic] under the Law." [Doc. 53 at 12]. Plaintiffs' conclusory objections, which are not directed at Judge Neureiter's analysis and do not identify any basis to assert claims under the Fifth or Sixth Amendments, are **OVERRULED**.

*Eighth Amendment Claim.* Attempting to discern a basis for a potential Eighth Amendment claim, Judge Neureiter noted that, in Plaintiffs' Response, they argued that their Eighth Amendment rights were violated because they were subjected to "unnecessary and wanton infliction of pain" and because Mr. Burnam was denied bond. [Doc. 46 at 12 (quoting Doc. 23 at 13)]. Judge Neureiter noted, however, that the Complaint contains no allegations that any Plaintiffs were subjected to physical force. [*Id.* at 12–13]. In light of this deficiency, Judge Neureiter construed Plaintiffs' Eighth Amendment claim as asserting only an excessive bail theory, and concluded that Plaintiffs could not succeed on an Eighth Amendment claim based on the denial of bail because

Plaintiffs did not allege that Defendants were the reason that Mr. Burnam was held without bail.  [*Id.* at 13]; *see also Masad v. Nanney*, No. 14-cv-00577-MJW, 2014 WL 4265848, at *6 (D. Colo. Aug. 27, 2014) ("[A]n excessive-bail claim can only succeed where the defendants 'deliberately or recklessly misled the judicial officer who set bail' and 'bail would not have been unconstitutionally excessive but for the officers' misrepresentations.'" (cleaned up) (quoting *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 664 (9th Cir. 2007))).

Plaintiffs reference the Excessive Bail Clause in their objections, *see* [Doc. 53 at 32], but they do not argue that Judge Neureiter's conclusion on this theory is incorrect. Accordingly, Plaintiffs have not properly objected to Judge Neureiter's conclusion to the extent Plaintiffs attempt to assert an excessive bail claim.

Plaintiffs do argue in their objections that their Eighth Amendment rights were violated when the miscarriage was exhumed from their property because "[t]he intrusion upon the Plaintiff[s'] personal tragedy and the emotional distress caused by the sheriff's actions do constitute a violation of the Plaintiff[s'] rights under the . . . Eighth . . . Amendment[] to the United States Constitution."  [*Id.* at 6].[12]  But Plaintiffs did not clearly assert this theory in their Response to the Motion to Dismiss; at best, they argued that

---

[12] Plaintiffs also assert that their "claims are Constitutional in nature and are in direct violation of the Eighth Amendment to cruel and unusual punishment with deliberate indifference to their human and medical needs [sic]," referencing a number of separate events that they believe violated their Eighth Amendment rights.  *See* [Doc. 53 at 33–34]. Almost all of the events referenced by Plaintiffs occurred prior to January 18, 2021, and the Court has already concluded that Plaintiffs' claims based on those events are untimely.  Even setting this aside, Plaintiffs did not clearly assert any of these Eighth Amendment theories in their Complaint, *see generally* [Doc. 1], or in their Response to the Motion to Dismiss, *see generally* [Doc. 23], and many of them overlap with the theories underlying their other constitutional claims.

the "demonstration in the exhibits show[s] cruel and unusual punishment quoting: *Ingraham v. Wright*, 430 U.S. 651 (1977) 'unnecessary and wanton infliction of pain' constitutes cruel and unusual punishment. . . .  Plaintiffs reflect on all the Constitutional Violations to date and [through] the exhibits see nothing but malicious behavior and would ask the Courts to apply *Ingraham v. Wright*."  [Doc. 23 at 13].  But as Judge Neureiter pointed out, Plaintiffs do not allege that they were subject to any physical harm, as contemplated in the quoted passage of *Ingraham v. Wright*,[13] and Plaintiffs' undeveloped assertions in their objections are not sufficient to articulate any viable theory under the Eighth Amendment, which prohibits the infliction of "cruel and unusual *punishments*." U.S. Const. amend. VIII (emphasis added); *see also Napoletano v. Sessions*, No. 17-cv-00837-CMA, 2017 WL 11696395, at *4 (D. Colo. Nov. 3, 2017) ("The Eighth Amendment's Cruel and Unusual Punishments Clause is self-evidently concerned with punishment.").  In sum, Plaintiffs have not identified anything objectionable in Judge Neureiter's Recommendation, and Plaintiffs' objections with respect to their Eighth Amendment claim are **OVERRULED**.

### 3.    Plaintiffs' Fourth Amendment Claims

Judge Neureiter identified two potential Fourth Amendment theories in Plaintiffs' Complaint:  (1) a claim based on an unlawful search and (2) a malicious prosecution claim.

---

[13] In *Ingraham v. Wright*, the Supreme Court explained that "[t]he protection afforded by the Eighth Amendment is limited," and with respect to physical force, "[a]fter incarceration, only the 'unnecessary and wanton infliction of pain[]' constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  430 U.S. at 669–70 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

*Unlawful Search Claim.* The Fourth Amendment protects the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV. "The touchstone of the Fourth Amendment is reasonableness." *Florida v. Jimeno*, 500 U.S. 248, 250 (1991). "In order to state a claim for an unlawful search or seizure under the Fourth Amendment, the facts asserted in a complaint must show that it is plausible that there was a search or seizure and that the search or seizure was unreasonable." *Est. of Israel ex rel. Russell v. City & Cnty. of Denver*, 643 F. Supp. 3d 1221, 1228–29 (D. Colo. 2022). "A search or seizure is presumptively reasonable under the Fourth Amendment if it is based on a warrant supported by probable cause." *United States v. Johnson*, 43 F.4th 1100, 1110 (10th Cir. 2022) (quotation omitted).

In addressing Plaintiffs' Fourth Amendment claim based on an unlawful search, Judge Neureiter first noted that the only portion of Plaintiffs' claim that is timely is the portion based on the events of January 29, 2021. [Doc. 46 at 13]. Judge Neureiter concluded that Plaintiffs cannot state a Fourth Amendment claim based on this search because the search was conducted pursuant to a warrant, and Plaintiffs do not allege that the warrant lacked probable cause or was otherwise invalid. [*Id.* at 13–14]; *see also* [Doc. 1 at ¶ 28 (Plaintiffs alleging that on January 25, 2021, "the Weld County Sheriffs Strike Force Team had a warrant signed to exhume an unidentified child corpse" on Plaintiffs' property)].

In their objections, Plaintiffs argue generally that their Fourth Amendment rights were violated because the warrants issued in this case were "fraudulent" and because an anonymous tip, standing alone, does not provide probable cause for a search. [Doc. 53 at 13–16]. But many of these arguments go to events occurring before January 18, 2021,

and Plaintiffs do not clearly address Judge Neureiter's conclusion with respect to the *January 29, 2021* search of their property or identify any particular problem with Judge Neureiter's conclusion that Plaintiffs fail to allege that *that* search was unreasonable. *See generally* [*id.*]. At best, Plaintiffs argue that "[i]n this case, the Well [sic] County Sheriffs cut the locks and entered the property without valid warrant or probable cause, thereby unlawfully depriving the plaintiff [sic] of their property," [*id.* at 16], which could be a reference to the January 29, 2021 search, *see* [Doc. 1 at ¶ 28 (Plaintiffs alleging that Defendants "cut the locks" and "came onto the property with no one home and dug up a miscarriage of the Plaintiff Erin Cienfuegos and Eric Burnam")]. But the Complaint contains no allegations that the warrant supporting the January 29 search was invalid or unsupported by probable cause, *see generally* [*id.*], and Plaintiffs cannot amend their pleading by adding new facts in their objections, *see Russo*, 2016 WL 67568, at *4. Accordingly, Plaintiffs' objections are **OVERRULED**.

***Malicious Prosecution Claim.*** Judge Neureiter also construed Plaintiffs' Complaint liberally to assert a Fourth Amendment malicious prosecution claim. [Doc. 46 at 14]. A malicious prosecution claim consists of five elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in the plaintiff's favor; (3) no probable cause supported the arrest, confinement, or prosecution; (4) the defendant acted maliciously; and (5) the plaintiff sustained damages. *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023). Judge Neureiter concluded that Plaintiffs cannot state a Fourth Amendment malicious prosecution claim because (1) Ms. Cienfuegos was arrested pursuant to a misdemeanor warrant that she does not contest, such that she does not allege a lack of probable cause for her arrest; and (2) Mr. Burnam

does not allege that the original action terminated in his favor, taking judicial notice of the fact that Mr. Burnam entered a guilty plea which resolved all of his criminal cases.  [Doc. 46 at 14–15].

Plaintiffs object to Judge Neureiter's conclusions with respect to Mr. Burnam, but not as to Ms. Cienfuegos.  *See* [Doc. 53 at 27–28].  They argue that the charges Mr. Burnam pleaded guilty to were filed "on May 12th, 2020 and May 26th, 2020, almost seven months prior to any matter before the Honorable courts" and that these charges "were unrelated to the events and aftermath of December 9th 2020."  [*Id.* at 28].

In their response to Plaintiffs' objections, Defendants ask this Court to take judicial notice of "Weld County Case Nos. 2020CR1088 and 2020CR1096, wherein Mr. Burnam entered a plea of guilty to various counts as part of a global plea agreement and disposition, which included criminal matters previously consolidated into Case Nos. 2020CR1088 and 2020CR1096."  [Doc. 54 at 7].  Defendants note that these two cases were consolidated with nine other Weld County criminal cases in which Mr. Burnam was a defendant:  2020CR2010, 2020CR2011, 2020CR2273, 2020CR2294, 2020CR2321, 2020CR2322, 2020CR2399, 2020CR2447, and 2021CR407.  [*Id.* at 7 n.7].[14]  Defendants argue that Mr. Burnam cannot succeed on a malicious prosecution claim because his guilty plea precludes him from demonstrating that the original action terminated in Mr. Burnam's favor.  [*Id.* at 7].

As Judge Neureiter did, *see* [Doc. 46 at 15 n.6], the Court now takes judicial notice of the Weld County criminal cases, their docket sheets, and the filings therein.  *See Pace*

---

[14] The Court has confirmed with the Tenth Circuit research library that there are no other criminal cases in Weld County, Colorado naming Mr. Burnam from 2020 or 2021.

*v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008) (a federal court may take judicial notice of state court documents and may properly consider them when ruling on a motion to dismiss).   The Court observes that case numbers 2020CR1088, 2020CR1096, 2020CR2010, 2020CR2011, 2020CR2273, 2020CR2294, 2020CR2321, 2020CR2322, 2020CR2399, 2020CR2447, and 2021CR407, all of which name Mr. Burnam as a defendant, were consolidated by the Honorable Marcelo A. Kopcow on December 29, 2021, and that, after the December 29, 2021 consolidation order, the docket sheets across the various cases reflect largely identical docket entries.

Colorado courts may order that two or more charging documents "be tried together if the offenses, and the defendant[] . . . could have been joined in a single" charging document.   Colo. R. Crim. P. 13.   "Whether the offenses could have been joined in a single information depends upon whether all of the offenses were of the same or similar character and were tied to a single scheme and plan."   *Brown v. Dist. Ct. in and for First Jud. Dist.*, 591 P.2d 99, 101 (Colo. 1979); *see also* Colo. R. Crim. P. 8(a)(2) ("Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.").

The Court also takes judicial notice of the fact that, on September 29, 2022, Mr. Burnam entered a guilty plea to one count of motor vehicle theft under Colo. Rev. Stat. § 18-4-409 in case 2020CR1088 and to one count of possession of a weapon by a previous offender under Colo. Rev. Stat. § 18-12-108 in case 2020CR1096.   The plea agreements are attached to Defendants' Reply in support of their Motion to Dismiss, *see*

[Doc. 33-1; Doc. 33-2], and each states that "20CR2010, 20CR2011, 20CR2273, 20CR2294, 20CR2321, 20CR2322, 20CR2399, 20CR2447, and 21CR407 will be dismissed at sentencing in exchange for the guilty pleas in 20CR1088 and 20CR1096, however, restitution will be reserved for all of those cases and the defendant will stipulate to a factual basis and proximate causation as to all charged counts for the purpose of restitution," [Doc. 33-1 at 6; Doc. 33-2 at 4].   The docket sheets reflect that all charges against Mr. Burnam were dismissed on September 29, 2022.

The question before the Court is whether Mr. Burnam has adequately alleged that the original action terminated in his favor, as required to state a claim of malicious prosecution.  *Shrum*, 60 F.4th at 1310.  For many years, the Tenth Circuit held that this element required that the charges against the plaintiff be dismissed "in a manner indicative of innocence."  *See, e.g.*, *Margheim v. Buljko*, 855 F.3d 1077, 1086 (10th Cir. 2017).  But in 2022, the Supreme Court held that a malicious prosecution claim "does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence," but requires only that the plaintiff "show that the criminal prosecution ended without a conviction."  *Thompson v. Clark*, 596 U.S. 36, 49 (2022); *see also Shrum,* 60 F.4th at 1311 (recognizing that, after *Thompson*, "our precedents applying the favorable termination element are no longer good law").

However, "*Thompson* did not address whether a proceeding can ever terminate in a plaintiff's favor when the prosecution did not end without a conviction on every charge." *Alburg v. Jones*, No. 21-2580, 2023 WL 2823895, at *3 n.13 (3d Cir. Apr. 7, 2023).  Post-*Thompson*, a small number of courts have considered whether the disposal of a criminal proceeding pursuant to a plea agreement, wherein a defendant agrees to plead guilty to

some charges in exchange for the dismissal of others, amounts to a favorable termination. Based on the Court's research, the weight of authority concludes that such a scenario does not constitute a favorable termination. *See, e.g.*, *Amigon v. Luzon*, No. 7:21-cv-02029-PMH, 2023 WL 316487, at *3 (S.D.N.Y. Jan. 19, 2023) ("A prosecution ends in a conviction for these purposes where a plaintiff has pled guilty to one charge in satisfaction of all against him, even where the guilty plea encompasses only a lesser included charge. . . .  The Supreme Court's decision in *Thompson* did not alter this outcome."); *Curry v. Alabama*, No. 7:22-cv-00395-LCB-JHE, 2023 WL 9103056, at *8 (N.D. Ala. Nov. 14, 2023) (distinguishing *Thompson* and concluding that it does not apply where "the plaintiff entered into a plea agreement and pled guilty to some charges in exchange for the dismissal of others"), *report and recommendation adopted*, 2024 WL 54737 (N.D. Ala. Jan. 4, 2024); *Daulatzai v. Maryland*, 606 F. Supp. 3d 252, 274 n.16 (D. Md. 2022) ("*Thompson* appears to reject the proposition that mixed verdicts can lay the groundwork for a malicious prosecution claim by stating that a Plaintiff 'need only show that the criminal prosecution ended *without a conviction*.'" (quoting *Thompson*, 596 U.S. at 49)), *appeal docketed*, No. 22-1816 (4th Cir. Aug. 2, 2022).  Indeed, if criminal charges are dismissed pursuant to a guilty plea which results in the defendant's conviction of at least some charges, the prosecution did not end "*without a conviction*."  *Thompson*, 596 U.S. at 49 (emphasis added).

Here, the state court dockets reflect that the criminal charges against Mr. Burnam were consolidated and treated as one criminal prosecution.  Mr. Burnam ultimately entered guilty pleas with respect to two charges—and was convicted of those charges—in exchange for the dismissal of the remaining charges against him.  Although Mr. Burnam

argues that the charges to which he pleaded guilty were "unrelated to the events and aftermath of December 9th 2020," [Doc. 53 at 28], there has already been a state-court judicial determination that the subject charges against Mr. Burnam were "of the same or similar character and were tied to a single scheme and plan," *Brown*, 591 P.2d at 101, and the Court cannot disturb this ruling.  Accordingly, Mr. Burnam cannot "show that the criminal prosecution ended without a conviction," as required by *Thompson*, *see* 596 U.S. at 49, and he therefore cannot state a malicious prosecution claim.  Plaintiffs' objections are respectfully **OVERRULED** as to this claim.

### 4.    Plaintiffs' Fourteenth Amendment Claims

Judge Neureiter liberally construed the Complaint as asserting a Fourteenth Amendment conspiracy claim and a Fourteenth Amendment procedural due process claim.  [Doc. 46 at 15, 17].  Judge Neureiter recommends that both of these claims be dismissed for failure to state a claim.  [*Id.* at 16, 18].

***Conspiracy Claim.***    The Tenth Circuit recognizes a conspiracy claim under § 1983.  *See Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022).  A § 1983 conspiracy claim requires (1) a combination of two or more persons, (2) acting in concert, and (3) a meeting of the minds or a general conspiratorial objective.  *Frasier v. Evans*, 992 F.3d 1003, 1024 (10th Cir. 2021).  To plausibly state a conspiracy claim, the plaintiff must allege "specific facts showing an agreement and concerted action amongst the defendants."    *Id.* (quotation omitted).    "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."    *Id.* (quotation omitted).    Judge Neureiter concluded that Plaintiffs fail to state a conspiracy claim because "Plaintiffs completely fail to allege who conspired with whom to do what."  [Doc. 46 at 16].

As best as the Court can ascertain, Plaintiffs attempt to object to this portion of the Recommendation.  They state that "[o]n or about December 9th 2020 Defendant Felice [sic] in her official capacity and acting under color of state law.  In [sic] collusion with the weld county strike force team named Defendant's [sic]," [Doc. 53 at 21], and that "[t]he collusion of these two governmental agencies have had a 'meeting of the minds,'" [*id.* at 27].   However, Plaintiffs do not make any specific objections to Judge Neureiter's Recommendation that would permit this Court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *One Parcel of Real Prop.*, 73 F.3d at 1059 (quotation omitted).  And in any event, the Court agrees with Judge Neureiter that the Complaint fails to allege facts plausibly suggesting a specific agreement amongst specific Defendants, *Frasier*, 992 F.3d at 1024, and because Plaintiffs' conspiracy claim appears to be based on the events of December 9, 2020, it is time-barred.  Plaintiffs' objections are **OVERRULED**.

***Procedural Due Process Claim.***   The Fourteenth Amendment to the United States Constitution provides that a State shall not "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  Two questions guide the Court's analysis on a procedural due process claim:  "(1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply?  And if so, (2) was the plaintiff afforded an appropriate level of process?"  *Al-Turki v. Tomsic*, 926 F.3d 610, 614 (10th Cir. 2019) (quotation omitted).  "When a state agency seeks to remove children from the home, due process requires that the parents receive prior notice and a hearing, except in extraordinary situations where some valid governmental interest

is at stake that justifies postponing the hearing until after the event." *Gomes v. Wood*, 451 F.3d 1122, 1128 (10th Cir. 2006) (quotation omitted).

Judge Neureiter recommends that Plaintiffs' procedural due process claim be dismissed both because it is untimely and because Plaintiffs fail to state a claim under Rule 12(b)(6), concluding that Plaintiffs fail to allege facts showing that their due process rights were violated when Ms. Cienfuegos's and Mr. Burnam's children were placed with Child Protective Services.  [Doc. 46 at 17–18].  As explained above, Plaintiffs fail to identify any error in Judge Neureiter's timeliness analysis, and this is a sufficient basis to dismiss Plaintiffs' procedural due process claim.  Furthermore, Plaintiffs do not identify any error in Judge Neureiter's analysis that Plaintiffs fail to state a viable procedural due process claim.  In their objections, they repeatedly reiterate or imply that their due process rights were violated, *see, e.g.*, [Doc. 53 at 5, 15, 20, 21, 34–35], but they do not address Judge Neureiter's recommendation or explain why his analysis is incorrect.  Thus, any objections Plaintiffs have to Judge Neureiter's Recommendation on this claim are **OVERRULED**.  *Jones*, 2024 WL 358098, at *3.

Accordingly, the remaining portions of Judge Neureiter's Recommendation on the Motion to Dismiss are **ADOPTED**.  Plaintiffs' remaining First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment claims are **DISMISSED without prejudice**.

## II.   Motion to Quash

Judge Neureiter also recommends that Defendant Jones's Motion to Quash be granted on the basis that Plaintiffs have not met their burden of demonstrating that Defendant Jones was actually served in this case.  [Doc. 46 at 28].  Plaintiffs do not expressly object to this portion of the Recommendation throughout their objections.  *See*

[Doc. 53 at 1–36].  However, Plaintiffs have also submitted a document titled "Motion to Quash Alleged Service of Process, or in the Alternative, to Dismiss Plaintiff's Complaint." *See* [*id.* at 38–39].  There, Plaintiffs do not reference Defendant Jones by name, but state:

> 10.  Defendants Donovan Parella (sic) and Defendant [Defendant's Name] were located at their respective places of residence.
>
> 11.  The process server, under sworn affidavit, states that both defendants turned around upon the attempt of process service, walked back into their homes, and locked the door.
>
> 12.  The process server informed them that they were being served with a federal lawsuit and provided them with a service date of May 10, 2023.
>
> 13.  Defendant [Defendant's Name] now claims that he was not present at the time of service and submits an affidavit to the court, under penalty of perjury, stating that the facts stated within are correct.
>
> 14.  Defendant [Defendant's Name] attempts to defraud the court with this legal document, falsely claiming that the person with the gray beard in the pictures provided by the process server is not him.
>
> . . .
>
> 16.  Plaintiff submitted pictures as fax (sic) of Defendant [Defendant's Name], taken one year prior and five days after the alleged service, clearly showing Defendant [Defendant's Name] with a very gray beard and very gray hair.
>
> . . .
>
> 20.  The evidence presented by Plaintiff clearly demonstrates that Defendant [Defendant's Name] was properly served and is attempting to mislead the court.

[*Id.* (brackets in original)].  The Court assumes that "Defendant [Defendant's Name]" refers to Defendant Jones.

Plaintiffs do not identify any error in, or even reference, Judge Neureiter's Recommendation in these pages, *see* [*id.*], and instead simply attempt to reargue points raised in Plaintiffs' Response to the Motion to Quash, *see, e.g.*, [Doc. 42 at 4–9].  They

thus have not raised an objection warranting de novo review by this Court.  *See Saleh v. Silco Oil Co.*, No. 19-cv-02973-PAB-NRN, 2020 WL 4915604, at *3 (D. Colo. Aug. 20, 2020) ("In objecting to the magistrate judge's recommendation, plaintiffs must raise specific arguments addressing purported errors in the recommendation; plaintiffs may not reiterate [their] identical arguments hoping to get a different outcome.").  The Court thus reviews Judge Neureiter's Recommendation on the Motion to Quash for clear error, *Summers*, 927 F.2d at 1167, and finds none; Judge Neureiter's analysis on the Motion to Quash is thorough and well-reasoned.  Plaintiffs' objections as to the Motion to Quash are **OVERRULED**, Judge Neureiter's Recommendation on the Motion to Quash is **ADOPTED**, and the Motion to Quash is **GRANTED**.  Plaintiffs' claims against Defendant Jones are **DISMISSED without prejudice** for insufficient service of process under Rule 12(b)(5).  *See Est. of Goodwin ex rel. Alvarado v. Connell*, 376 F. Supp. 3d 1133, 1144 (D. Colo. 2019) ("Federal Rule of Civil Procedure 12(b)(5) allows for dismissal of an action without prejudice based on insufficient service of process.").

## III.  Leave to Amend

Plaintiffs have not requested leave to amend their Complaint in this case, and the Court declines to sua sponte grant leave to amend at this juncture.  To the extent that Plaintiffs wish to proceed with this litigation and replead their claims, they may file a motion to amend on or before **April 10, 2024**.  Any motion to amend must comply with the Federal Rules and the Local Rules—particularly, D.C.COLO.LCivR 7.1(a), which requires parties to confer with opposing counsel prior to filing any motion, and D.C.COLO.LCivR 15.1, which requires that a motion to amend be accompanied by a

proposed amended pleading in both clean and red-lined form.  Any proposed amended pleading must be signed by all Plaintiffs who attempt to assert claims in this case.

In addition, Plaintiffs are reminded that Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff (1) articulate clear causes of action which clearly set forth the legal basis for each claim, see *Polovino v. Int'l Bhd. of Elec. Workers*, No. 4:15-cv-00023-JHP-PJC, 2015 WL 4716543, at *4 (N.D. Okla. Aug. 7, 2015) ("A complaint falls short of Rule 8's notice requirement when it fails to list or clearly articulate any causes of action."), and (2) set forth factual allegations supporting each claim, *see Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and[] what specific legal right the plaintiff believes the defendant violated.").  "Claims must be presented clearly and concisely in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims."  *Moore v. Cosarrubias*, No. 18-cv-00259-GPG, 2018 WL 11145813, at *2 (D. Colo. Mar. 9, 2018). In seeking amendment in compliance with Rule 8, Plaintiffs must also consider the Court's rulings herein. **If Plaintiffs fail to file a motion to amend by the Court's deadline, this case will be closed without further warning from the Court.**

## CONCLUSION

For the above reasons, **IT IS ORDERED** that:

(1)    Plaintiffs' Objections [Doc. 53] are **OVERRULED**;

(2)    Plaintiff's Response and Objection to the Defendant's Response to the Plaintiff's Comlaint [sic] Based upon the Magistrates [sic] Recommendation [Doc. 55] is **STRICKEN**;

(3)     The Report and Recommendation of United States Magistrate Judge N. Reid Neureiter [Doc. 46] is **ADOPTED**;

(4)     The Motion to Dismiss Plaintiffs' Complaint [Doc. 12] is **GRANTED**;

(5)     The Motion to Quash Alleged Service of Process of, or in Alternative to Dismiss, Plaintiffs' Complaint from Defendant Pete Jones [Doc. 37] is **GRANTED**;

(6)     Plaintiffs' Complaint [Doc. 1] is **DISMISSED without prejudice**;

(7)     Defendant Pete Jones is **DISMISSED** as a Defendant in this matter;

(8)     Plaintiffs may file a motion to amend on or before **April 10, 2024**.  **If Plaintiffs fail to file a motion to amend by the Court's deadline, the Court will close this case without further warning from the Court**; and

(9)     A copy of this Order shall be sent to:

Eric Burnam
1287 South 8th Avenue
Apartment B-110
Brighton, CO 80601

Erin Cienfuegos
1287 South 8th Avenue
Apartment B-110
Brighton, CO 80601

Michelle Erickson
5568 Longs Peak Street
Brighton, CO 80601


DATED:  March 11, 2024                BY THE COURT:

                                      Nina Y. Wang
                                      United States District Judge