# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 23-cv-00151-NYW-NRN

ERIC BURNAM,
ERIN CIENFUEGOS, and
MICHELLE ERICKSON,

    Plaintiffs,

v.

THE WELD COUNTY SHERIFFS,
THE DEPARTMENT OF HUMAN SERVICES OF WELD COUNTY,
THE COUNTY ATTORNEY'S OFFICE OF WELD COUNTY,
ASHLEY HUGHES,
ANGELA TIMOTHY-FLEECE,
DONOVAN PECORELLA,
TRAVIS DENNING,
PETE JONES,
JARED PATTERSON,
DANIEL CHAPMAN,
DANIEL TRUJILLO, and
LARRY NUEGEBAUER,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge N. Reid Neureiter issued on January 2, 2025. [Doc. 73]. Judge Neureiter recommends that Plaintiffs' Motion for Leave to Proceed With Amended Complaint Pursuant to Colo. R. Civ. P. 15 and 24 (the "Motion to Amend"), [Doc. 68], be denied, *see* [Doc. 73 at 2].[1]

---

[1] On March 11, 2024, this Court granted two Motions to Dismiss and dismissed Plaintiffs' Complaint without prejudice. *See* [Doc. 56 at 31]. However, the Court also granted Plaintiffs leave to file a motion to amend their complaint. [*Id.*].

The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the Parties.  [*Id*. at 11–12]; *see also* 28 U.S.C. § 636(b)(1)(C).  The Recommendation was served on January 2, 2024.  See [Doc. 73]. After Plaintiffs requested and were granted an extension of time to object to the Recommendation, the Court set the objection deadline to January 30, 2025, stating that no further extensions would be granted absent extraordinary circumstances.  *See* [Doc. 76].  Despite the extension, no Party has objected to the Recommendation, and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2]  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.  Based on this review, the Court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.

Accordingly, it is **ORDERED** that:

(1)   The Report and Recommendation of United States Magistrate Judge N. Reid Neureiter [Doc. 73] is **ADOPTED**;

---

[2] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

(2) Plaintiffs' Motion for Leave to Proceed With Amended Complaint Pursuant to Colo. R. Civ. P. 15 and 24 [Doc. 68] is **DENIED**;

(3) Because the Court has dismissed Plaintiffs' Complaint and has now denied leave to amend, there are no operative claims in this case. Accordingly, the Clerk of Court is **DIRECTED** to terminate this case;

(4) Defendants are awarded their costs under Rule 54 and D.C.COLO.LCivR 54.1;[3] and

(5) The Clerk of Court shall send a copy of this Order to:

| | | |
|---|---|---|
| Eric Burnam<br>1287 South 8th Avenue<br>Apartment B-110<br>Brighton, CO 80601 | Erin Cienfuegos<br>1287 South 8th Avenue<br>Apartment B-110<br>Brighton, CO 80601 | Michelle Erickson<br>5568 Longs Peak Street<br>Brighton, CO 80601 |

DATED: February 19, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[3] Though costs should generally "be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), the district court may, in its discretion, decline to award costs where a "valid reason" exists for the decision, see, e.g., *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009). "[T]he denial of costs is 'in the nature of a severe penalty,' and 'there must be some apparent reason to penalize the prevailing party if costs are to be denied.'" *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (quoting *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995)). Plaintiffs do not proceed in this case in forma pauperis, and they paid the filing fee at the outset of this action; however, they did later file an Application to Proceed in Court Without Prepayment of Fees or Costs, [Doc. 69], which Judge Neureiter denied as moot, see [Doc. 74]. Even if Plaintiffs are indigent, the Court respectfully concludes that there is no valid reason to justify denying costs in this action. *See Higgins v. Potter*, No. 08-cv-02646-JWL, 2011 WL 3667097, at *1 (D. Kan. Aug. 22, 2011) (observing that nothing in Rule 54 suggests "that the court should penalize a party simply because a financial disparity exists between the parties"); *Brooks v. Gaenzle*, No. 06-cv-01436-CMA-MJA, 2009 WL 4949922, at *5 (D. Colo. Dec. 15, 2009) ("A district court does not abuse its discretion in awarding costs to the prevailing party simply because the non-prevailing party was indigent.").